JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**18 CV 5644**

-----------------------------------------------------------

"JOSEPH JONES," as next friend and
parent of "KRISTINA JONES," a minor,

                              Plaintiff,

v.

"SAMUEL SMITH," as next friend and
parent of "DAVID SMITH," a minor,

                              Defendant.

-----------------------------------------------------------

Civil Action No._____

**DECLARATION OF
"JOSEPH JONES"**

I, "Joseph Jones", make the following declaration in support of the order to show cause filed on my behalf:

1.    My wife and I are the parents and legal guardians of our 15-year-old daughter, "Kristina". I am appearing in this case as Kristina's "next friend." I am referring to my daughter by a pseudonym—and have so-moved the court for permission to do so—to protect her privacy since she is a minor and this case involves intimate sexual contact which is typically accorded a heightened level of privacy. I've also used pseudonyms for myself to protect Kristina's privacy (since we share the same surname), as well as for the Defendant "David" who is also a minor, and his parent and next friend "Samuel Smith."

2.    I submit this declaration in support of our Order to Show Cause seeking a preliminary injunction directing David, and those acting in concert or in conjunction with him, including his father, to turn over to this Court, and then to

1

our forensic consultant, his mobile phone (the "Cell Phone"), believed to be an iPhone, on which he took what I now know are child pornography images of Kristina.

3. Our consultant will conduct a forensic examination to determine, among other things, whether the Cell Phone still contains child pornography images of Kristina and whether any such images have been transmitted to others.

4. This declaration is also filed in support of the issuance of a temporary restraining order pending a hearing on the motion for a preliminary injunction to prevent irreparable harm to my daughter from dissemination of her child pornography images. We are requesting a TRO ordering David, and anyone acting in concert with him, including anyone who has custody and control over David and his Cell Phone—including his father Sam Smith—to act as follows:

    i. Refrain from removing the Cell Phone from the State of New York;

    ii. Deliver the Cell Phone to the Clerk of this Court by 10:00 a.m. on the first day the Court Clerk's office is open following receipt of the order to show cause; and

    iii. Pending the delivery of the Cell Phone to the Clerk's office per the proposed order, preserve the Cell Phone in its current unaltered condition by immediately turning it off and refraining from using it for any purpose, or from altering, deleting, or

    overriding any data or depictions or settings, and not connecting it to any other device or network.

5. My wife, children and I live in Manhattan, New York, where my daughter goes to school.

### The Discovery of David's Production of Child Pornography Depicting My Daughter

6. On the afternoon of Friday, June 8, 2018, I received a call from my wife saying that she had just spoken with a head (the "Director") of the school which my daughter attends. The Director reported that a teacher had overheard students saying that David, who is a student at the same school as Kristina, had shown classmates images from his Cell Phone of my daughter engaging in sexual contact with him. I have subsequently learned that, since my daughter is a minor, those images are child pornography which were created and were possessed in violation of federal law.

7. I spoke with the Director a few hours later who repeated to me what he had reported to my wife. The Director also informed me that the Director had spoken with David's parents. The Director said that, during the conversation with David's parents, David returned home and there was effectively a three-way conversation between the Director, David's parents, and David. David's parents told the Director that they took David's Cell Phone and saw a couple of images in the "deleted items folder" of Kristina engaging in sexual contact with David. It is

3

my understanding that images in an iPhone's "recently deleted" folder remain in the cache for 30 days and can be restored unless the items are permanently deleted. It is also my understanding that David used Snapchat, a mobile messaging application where images and texts can be distributed and disappear soon after delivery. I have been advised that these images and text messages can be discovered in a forensic examination of the Cell Phone and also possibly online via Snapchat servers.

8. The Director informed me that he arranged to meet the next day with David's parents, along with another school administrator, to further discuss the matter.

9. I asked the Director to attempt to get answers to certain basic questions such as whether David had taken still images or videos or both; how many images were taken; who was shown the images; whether the images were transmitted or shared in any fashion to anyone else or any other device; whether the images had been permanently destroyed; how the destruction was accomplished; and the like. The Director said that Director had the same questions and many more.

10. That evening, my wife and I spoke with Kristina. In that and later conversations, Kristina said that she, too, had heard that David had taken images of their private sexual contact, which had occurred on June 7, 2019, and had been

showing them to people at school. Kristina said that in the last few weeks she had gotten to know David, and that the day before they engaged in an intimate encounter. She said she had no idea that he was taking photographs, she did not consent to the taking of any photographs or otherwise recording their activities, and she would not have agreed to him doing so.

11. Kristina also explained that although David and his family had been living in the United States for some time, they were from another country and were about to return there. She said that David and his family planned to permanently leave the United States on Saturday, June 23, 2018.

12. The next morning, the Director called me to say that David's parents had not shown up at the scheduled meeting. The Director said that he told David's father that since they refused to appear to discuss the matter, David could no longer return to school, and he would be expelled. At that point there were only a small number of remaining days in the 2017–2018 academic year.

13. The Director also informed me that the school would need to advise another school, that David would be attending back in his home country, of David's expulsion.

14. The Director recognized that there was not much more the school could do to compel David or his parents to respond. None of my questions were answered to any reasonable certainty.

## A Voluntary Request To David Or His Parents To Turn Over The Cell Phone Would Be Futile, The Damage To Kristina Without The Restraint Will Be Irreparable, And The Impact On David Will Be Minimal

15. At no time did David or his parents confirm that all the child pornography images of Kristina were permanently deleted. Nor did they advise whether any of the images were downloaded onto another device, any of the images had been printed or stored somewhere (such as in a hidden image app), or that any of the images were sent on Snapchat or further disseminated on the Internet or elsewhere or backed up to iCloud or another online backup service. Further, there is nothing to prevent David from distributing these images in the future. Having previously seriously misled my daughter by secretly photographing their private sexual contact, it is far from assured that in a single, short phone conversation with the head of the school, David revealed everything he knew about the images or where they wound up.

16. Requests for David and his parents to voluntarily turn over the Cell Phone will be futile. David has already demonstrated his bad faith by secretly recording child pornography images of my daughter. His parents have also demonstrated a disregard for others and bad faith by failing to reach out to Kristina, her mother, or me to address the matter, and by refusing to even meet with the school after being informed that David was being expelled and that this might possibly affect his status at his new school. I am also concerned that alerting

David and/or his parents to our concerns prior to the existence of a Court Order may result in the alteration or destruction of information needed to assure protection of my daughter.

17. Absent prompt restraint imposed by this Court, the damage to Kristina will be irreparable. Without this Court's immediate intervention, Kristina may well be facing a lifetime of having her child pornography images disseminated in ways she cannot control. Those images may be one of the first things anyone sees when they search her name on the Internet when she applies for college, seeks a job, or engages in virtually any kind of interaction with others. It is imperative that the legal system take every reasonable step to avoid that, including determining and ensuring that the child pornography images of my daughter have been permanently prevented from being distributed, transported, possessed, or viewed by anyone else. We also need to determine what, if anything, happened to the images and whether or not they were distributed in any way.

18. I am advised that David and his family are leaving the country on June 23, 2018, after which they will be beyond the jurisdiction of this Court. This Court has a brief opportunity to help my daughter avoid a lifetime of anguish and unfairness simply by allowing a forensic consultant to examine David's Cell Phone. The impact on David from depriving him of his Cell Phone for a short and reasonable period of time is virtually nil.

WHEREFORE, I ask that this Court issue a temporary restraining order and preliminary restraint requiring that David, through his legal guardians and next friend, turn over his Cell Phone to this Court so that a proper forensic examination can be undertaken.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2018.

                                                         /s/
                                            "Joseph Jones"